IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE ACOSTA, Jr.,

    Plaintiff,

v.                                                                                 No. 15-cv-0530 SMV/LAM

UNITED STATES OF AMERICA,

    Defendant.

### ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY

THIS MATTER is before the Court on Plaintiff's Motion to Exclude Testimony of Defendant's Expert, Dr. John F. Wiechel, filed November 4, 2016. [Doc. 41]. Defendant responded on November 18, 2016. [Doc. 43]. Plaintiff did not reply, and the time for doing so has lapsed. The Court heard argument from the parties at a hearing on the motion on February 27, 2017. The Court has considered the briefing, the relevant portions of the record, Dr. Wiechel's supplemental report of November 18, 2016, the parties' argument at the hearing, and the relevant law. Being otherwise fully advised in the premises, and for the reasons stated on the record at the February 27, 2017 hearing, the Court will DENY Plaintiff's motion to exclude Dr. Wiechel's expert testimony.

Defendant has retained Dr. Wiechel, a mechanical and biomechanical engineer, to opine that, based on his "momentum balance" analysis, the collision at the center of this dispute could not have caused the injuries Plaintiff claims it caused. [Doc. 41] at 1–2. Plaintiff asks the Court to exclude Dr. Wiechel's testimony. *Id.* at 1. Plaintiff does not challenge Dr. Wiechel's qualification as an expert in the area of accident reconstruction. Plaintiff contends, rather, that

Dr. Wiechel's expert opinion testimony is unreliable and should be excluded because Dr. Wiechel (1) employed an inappropriate methodology given the facts of this case and (2) applied bad data to that methodology in the course of reaching his conclusion. *Id.* at 2–5. Plaintiff therefore argues that Dr. Wiechel's testimony should be excluded under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). [Doc. 41] at 5–9. Defendant contends that Dr. Wiechel's expert opinion is based on a concrete methodology—a momentum balance analysis, rooted in the laws of Newtonian physics—and the application of data specific to the collision at issue. [Doc. 43] at 6, 8–9.

Plaintiff's motion will be denied. In weighing *Daubert* motions, trial courts are called upon to exercise their "gatekeeping role"—that is, they are called upon to identify and exclude expert opinion testimony that is based on bad science. *See Daubert*, 509 U.S. at 597. Though Defendant has offered little evidence to rebut Plaintiff's assertion that Dr. Wiechel's methodology is scientifically unsound, Dr. Wiechel's opinion is not, at its core, rooted in bad science. The concerns Plaintiff raises in his motion go to the credibility of Dr. Wiechel's expert opinion. Therefore, the Court will permit Dr. Wiechel to testify, and, as the trier of fact, the Court will accord Dr. Wiechel's testimony the weight it deserves.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Exclude Testimony of Defendant's Expert, Dr. John F. Wiechel, [Doc. 41] is **DENIED**.

IT IS SO ORDERED.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**