## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JOSE ACOSTA, Jr.,**

    Plaintiff,

v.                                                                                                  No. 15-cv-0530 SMV/LAM

**UNITED STATES OF AMERICA,**

    Defendant.

## **PRETRIAL ORDER**

THIS MATTER is before the Court pursuant to Fed. R. Civ. P. 16.

## **I.  APPEARANCES**

Attorneys who will try this action:

| | |
|---|---|
| For Plaintiff: | Jonathan S. Harris <br> Laura B. De La Cruz <br> Schechter, McElwee, Shaffer & Harris, LLP <br> 3200 Travis, 3rd Floor <br> Houston, Texas 77006 <br> Telephone:     (713) 524-3500 <br> Facsimile:     (866) 696-5610 <br> jharris@smslegal.com <br> Ldelacruz@smslegal.com |
| For Defendant: | Manuel Lucero <br> Assistant United States Attorney <br> District of New Mexico <br> 201 3rd Street, Suite 900 <br> Albuquerque, New Mexico 87103 <br> Telephone:     (505) 224-1467 <br> Facsimile:     (505) 346-7296 <br> Manny.lucero@usdoj.gov |

## II.  JURISDICTION AND RELIEF SOUGHT

A. **Subject Matter Jurisdiction**

   **1.  Was this action removed or transferred from another forum?**

   \_\_\_\_ Yes  _X_  No

   **2.  Is subject matter jurisdiction of this Court contested?**

   _X_  Uncontested  \_\_\_\_ Contested

   **3.  Asserted basis for jurisdiction**

   \_\_\_\_ Federal Question  \_\_\_\_ Diversity  _X_  Other

   Statutory Provision(s) Invoked:  28 U.S.C. § 1346(b)

B. **Personal Jurisdiction and Venue**

   **1.  Is personal jurisdiction contested?**

   _X_  Uncontested  \_\_\_\_ Contested

   **2.  Is venue contested?**

   _X_  Uncontested  \_\_\_\_ Contested

C. **Are the proper parties before the Court?**

   _X_  Uncontested  \_\_\_\_ Contested

D. **Identify the affirmative relief sought in this action.**

   1. Plaintiff seeks:  Plaintiff seeks damages for physical pain and mental anguish in the past and future; lost earnings in the past and loss of future earning capacity; physical impairment in the past and future; physical disfigurement in the past and future; and, reasonable medical expenses in the past and future. Plaintiff also seeks damages for his

injuries by way of pre-judgment and post-judgment interest payments for all damages he has suffered and have accrued by the time of judgment.

2.  Defendant seeks:  Final judgment in favor of Defendant, dismissal of the above-styled and numbered cause of action in its entirety with prejudice, Defendant's costs, if any, and all such other, further and different relief, at law or in equity, to which Defendant may be entitled.

### III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES

**A.**     **Plaintiff's claims:**     This is a personal injury claim stemming from a Union Pacific train colliding with a U.S. Army vehicle that was crossing the train tracks on June 25, 2014 in the state of New Mexico.  At the time of the incident, Plaintiff was operating the locomotive. The United States Army was participating in a military convoy when a U.S. Army truck stopped and left part of its truck on the railroad tracks.  Plaintiff attempted to stop the locomotive, but it ultimately crashed into the military truck.  The impact of the collision between the military truck, weighing at least 53,100 lbs., and the locomotive caused the military truck to be lifted from the ground. As a result of the impact, Plaintiff's body was thrusted forward, causing him to strike the throttle, and then thrusted backwards, causing him to hit the wall.  The impact caused Plaintiff to sustain injuries to his body, including, his head, lower back, neck, knees, and shoulders.

Plaintiff alleges that the United States Army failed to yield the right of way at the crossing and violated the Railroad-Highway Grade Crossing rules.  Plaintiff contends that on the occasion in question, Defendant violated the duty owed to Plaintiff to exercise ordinary care in the operation of a motor vehicle. Plaintiff alleges that the Defendant is liable for the actions of its

governmental personnel and employees, who were acting in the course and scope of their employment in furtherance of the interests of Defendant. Plaintiff alleges the Defendant was negligent by operating a vehicle without paying adequate attention, by failing to control speed, by failing to clear all vehicles from an active railroad track, by leaving a vehicle on an active railroad track, and by failing to maintain a lookout for Plaintiff. Defendant's actions or omissions in the occurrence constitute negligence and negligence per se.  Said negligence proximately caused the occurrence and Plaintiff's injuries and damages.

**B.     Defendant's defenses:**   On June 25, 2014 the United States Army was transferring equipment from New Mexico to Oklahoma via convoy. While passing through Alamogordo, New Mexico the convoy was crossing railroad tracks in the city when the convoy came to a stop. One vehicle was stopped on the tracks when they realized a train was approaching. Military personnel exited the vehicle to help guide the driver off the tracks. The vehicle was moved off the tracks to a point where they believed the train could pass. The train scraped by the vehicle causing minor damage to the military vehicle and the train. No claim for property damage has been made by the railroad regarding the train.  If any physical injury to the Plaintiff is claimed, the injuries would be minimal based on the physics of the impact.  There is no causal connection between the minimal impact and injuries claimed by the Plaintiff.

Defendant further asserts the following specific defenses in this matter:

1.     Defendant, through its employees, agents, and servants, acted at all relevant times with due care and diligence, and, therefore, Defendant could not have breached any actionable duty owed to Plaintiff.

2. Defendant affirmatively asserts that Plaintiff has failed to state a claim upon which the relief they seek may be based and, further, Defendant denies that Plaintiff is entitled to any relief arising from any of the events as alleged in the Complaint.

3. The injuries and damages alleged by Plaintiff in the Complaint, which injuries and damages are denied, were not proximately caused by a negligent or wrongful act or omission of an employee, agent, or agency of the United States acting in the scope of his federal employment.

4. Any injuries and damages allegedly sustained by Plaintiff, were due, in whole or part, to Jose Acosta's own negligent acts or omissions, or those of others, known or unknown, over whom Defendant had no control.

5. If Defendant was negligent, which is expressly denied, under the FTCA, the comparative negligence or fault of Jose Acosta should be used to offset in whole or in part any recovery by Plaintiff against Defendant, and Defendant may only be held responsible for its proportionate share of the fault, if any. Defendant affirmatively asserts that, to the extent Plaintiff may or will recover monies and/or benefits from the United States government for injuries they sustained based on the same set of facts at issue in this case, Defendant is entitled to an offset of any award made herein.

6. Plaintiff has failed to mitigate any damage claims that relate to future employment claims raised in the administrative claim or at trial.

## IV.  FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

A.  **Stipulated Factual Contentions**

The parties agree to the following facts listed separately below:

1. The incident forming the basis of this lawsuit took place on June 25, 2014 in Alamogordo, New Mexico.

2. At the time of the incident, Plaintiff was an engineer aboard a Union Pacific train traveling on the railroad tracks in Alamogordo, New Mexico.

3. At the time of the incident, the United States Army was participating in a military convoy that was transferring equipment from New Mexico to Oklahoma.

B.  **Contested Material Facts**

1.  Plaintiff's Contentions:

a.  At, or immediately prior to, the time of the incident, the military convoy in question came to a stop on the railroad tracks.

b.  At, or immediately prior to, the time of the incident, a U.S. Army truck was left with its rear extending onto the on the railroad tracks.

c.  Immediately prior to the incident, Plaintiff repeatedly sounded his whistle and applied the emergency brakes to avoid a collision.

d.  At the time of the incident, the United States Army failed to yield the right of way at the crossing.

e.  At the time of the incident, Defendant violated the Railroad-Highway Grade Crossing rules.

f.  At the time of the incident, Defendant failed to control speed.

g. Prior to crossing, the Defendant failed to clear all vehicles from the active railroad track.

h. At the time of the incident, Defendant failed to maintain a proper lookout for Plaintiff.

i. During the incident, the Union Pacific train and Army truck collided.

j. At the time of the occurrence, Defendant failed the duty it owed to Plaintiff to exercise ordinary care in the operation of a vehicle.

k. Defendant's acts and omissions in the occurrence constitute negligence and/or negligence per se.

l. Defendant's negligent conduct was the proximate cause of the occurrence at issue.

m. Defendant's acts or omissions are the proximate cause of the injuries and damages sustained by the Plaintiff.

n. At the time of the occurrence, Defendant failed the duty it owed to Plaintiff to keep a proper lookout and maintain proper control of its vehicle.

o. At the time of the occurrence, Jaimie Klinger was operating the military vehicle in the course and scope of her employment with Defendant and in furtherance of the Defendant's interests.

p. The military vehicle in question weighs 53,100 lbs. empty.

q. The impact from the collision between the military vehicle and train caused the military truck to come off the ground.

r. At the time of the impact, Plaintiff was thrown forwarded, and he impacted the throttle stand, which was followed by Plaintiff being thrown backwards and striking the wall.

s. The impact from the collision was sufficient to cause Plaintiff to be thrusted forward and then backwards in the cab.

t. The impact from the collision proximately caused Plaintiff's injuries.

u. There was sufficient force in the collision event to account for all of Plaintiff's post-crash diagnosed injuries.

v. As a result of the incident forming the basis of this suit, Plaintiff sustained injuries to his head, cervical spine, lumbar spine, bilateral shoulders, bilateral knees, anxiety disorder and/or depression, and related erectile dysfunction.

w. As a result of the incident forming the basis of this suit, Plaintiff has incurred past medical and pharmaceutical expenses in the amount of $368,101.82.

x. The past medical and pharmaceutical services provided to Plaintiff as a result of this incident were medically necessary, and the amount charged for said care was reasonable.

y. As a result of the incident forming the basis of this suit, Plaintiff will require future medical care in the amount of $829,960.63.

z. The present day cost of Plaintiff's future medical care needs is $859,095.

aa. As a result of the incident forming the basis of this suit, Plaintiff has suffered a past and future loss in earning capacity in the total amount of $1,723,135.

bb. As a result of the injuries sustained by Plaintiff in the incident forming the basis of this suit, Plaintiff is medically precluded from returning to work as a locomotive engineer of trainman.

cc. Once Plaintiff reaches maximum medical recovery from the injuries he sustained in the incident, Plaintiff will be limited to alternative employment options in selective, sedentary to light jobs.

2. Defendant's Contentions:

a. New Mexico law provides that a party who seeks to prevail in a negligence action must prove "the existence of a duty from the defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Lessard v. Coronado Paint and Decorating Center Inc.,* 142 N.M. 583, 168 P.2d 155 (Ct. App. 2007).

b. As to motor vehicle operators in particular, every driver has the duty, at all times, to keep a proper lookout and to maintain control of his or her vehicle so as to avoid placing the driver or other persons in danger and to avoid an accident. *Lopez v. Maes*, 81 N.M. 693, 472 P.2d 658 (Ct. App.), cert. denied, 81 N.M. 721, 472 P.2d 984 (1970); See also N.M. UJI 13-1202: "It is the duty of every operator of a vehicle, at all times, to keep a proper lookout and to maintain proper control of his vehicle so as to avoid placing the operator and others in danger and to prevent an accident." It is the driver's duty to exercise ordinary care to see what is to be seen. *Lopez v. Maes*, 81 N.M. 693, 699, 472 P.2d 658 (Ct. App.), cert.

denied 81 N.M. 721, 472 P.2d 984 (1970). However, maintaining a proper lookout involves a duty to observe matters in plain sight. *Sheraden v. Black,* 107 N.M. 76, 752 P.2d 791 (Ct. App. 1988) (emphasis added).

c. Defendant's employee, Cpl. Klinger, owed a duty to operate her vehicle in a safe and prudent manner, and it is Defendant's position that she did so in this case.

d. Based upon the investigation and the physical evidence documented at the scene, it appears that the train operated by Plaintiff made minimal contact with the military vehicle and the scraping of the military vehicle did not, slow, stop or impede the progress of the locomotive operated by Plaintiff and could not have caused the injuries claimed to have been sustained by Plaintiff.

e. The claims that Plaintiff was thrown around in the cab of the locomotive at the time of impact is physically impossible based on the mass to impact calculations. Further, the event recorder and the physical damage to the vehicles and lack of injury to the conductor who was seated less than three feet away from the Plaintiff clearly show that Plaintiff suffered no injuries.

f. The medical treatments and associated costs incurred by Plaintiff were not medically necessary and were not caused by the impact of the locomotive with the military vehicle.

g. The Plaintiff was offered a job by the Union Pacific Railroad corresponding to the alleged limitations needed by the Plaintiff at a salary commensurate with the position, which he rejected. Plaintiff has not done anything to mitigate the lost

wage claim in any form and any claim for lost wages past and future should be struck.

h.  Plaintiff has failed to show why he cannot return to work as an engineer or return to work in any capacity as a trainman even if he had limitations that were proven at trial.

i.  NMSA 1978 § 41-3A-1 provides that: "In causes of action to which several liability applies, any defendant who establishes that the fault of another is a proximate cause of a plaintiff's injury, shall be liable only for that portion of the total dollar amount awarded as damages to the plaintiff that is equal to the ratio of such defendant's fault."

## V.  APPLICABLE LAW

**A.**  **Do the parties agree which law controls the action?**

 X   Yes (as indicated below) _____ No (as indicated below)

**If yes, identify the applicable law:**  New Mexico state law regarding negligence; Federal Tort Claims Act, including 28 USC §§ 1346(b), 2671–80.

**If no, identify the dispute, and set forth each party's position regarding the applicable law.**

1. Plaintiff:

2. Defendant:

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law that are contested.**

1. Plaintiff:

    a. At the time of, and leading up to, the incident in question, Defendant was negligent.  Defendant's actions and/or omissions in the incident in question constitute negligence per se.

    b. Defendant's negligence proximately caused the collision between the locomotive and U.S. Army truck.

2. Defendant:  None.

## VII.  MOTIONS

**A.**  **Pending Motions:**

1. Plaintiff:  None.  On February 28, 2017, the Court denied Plaintiff's Motion to Exclude Expert Testimony of Dr. John F. Wiechel.  [Doc. 55].

2. Defendant:  None.

**B.**  **Motions that may be filed:**

1. Plaintiff:    Plaintiff does not anticipate filing any other motions at this time.

2. Defendant:  Possible Motion in Limine.

The deadline for filing motions has passed.  *See* [Doc. 20].

## VIII.  DISCOVERY

**A.**  **Has discovery been completed?**  _X_ Yes  ____ No

B.      **Are there any discovery matters of which the Court should be aware?**

   1. Plaintiff:   None

   2. Defendant:  None

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony. This does not, however, apply to a rebuttal witness. Indicate if the witness will testify in person or by deposition, and include a brief description of the anticipated testimony. If the testimony is by deposition, identify the deposition by page number and line number. A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

A.      **Plaintiff's Witnesses [Docs. 60, 65]:**

   1. Plaintiff will call, or make available, the following witnesses at trial:

      a. Amanda Snapp

         Amanda Snapp is an eyewitness to the collision at issue. Ms. Snapp is expected to testify regarding her knowledge of the facts and circumstances surrounding the incident. Ms. Snapp will not appear in person; she will testify by introduction of her previously transcribed and videotaped deposition testimony.

      b. Douglas Snapp

         Douglas Snapp is an eyewitness to the collision at issue. Mr. Snapp is expected to testify regarding his knowledge of the facts and circumstances surrounding the incident. Mr. Snapp will not appear in person; he will testify by introduction of his previously transcribed and videotaped deposition testimony.

      c. Fermin Acosta

         Fermin Acosta is an eyewitness who was riding as a conductor aboard the train at the time of the collision. Fermin Acosta is expected to testify regarding his knowledge of the facts and circumstances surrounding the incident, his knowledge of the Plaintiff, his experience and duties as a

      railroad worker, and any other relevant matters. Fermin Acosta will appear in person.

  d. Michael D. Freeman, MedDr, PhD, MPH, FAAFS

      Dr. Freeman is a doctor of medicine and an epidemiologist, with expertise in the fields of forensic medicine and forensic epidemiology. For crash related causation assessments, he has additional qualifications in the fields of crash reconstruction and injury biomechanics. He has conducted an analysis to determine whether the crash made the basis of this case caused the injuries alleged by Mr. Acosta. Dr. Freeman is expected to testify as to fact and opinion regarding the mechanism of injury in the incident at issue and the injuries sustained by Mr. Acosta. Dr. Freeman will appear in person.

  e. Angelo Romagosa, M.D., FAAPMR

      Dr. Romagosa is a certified vocational specialist, certified rehabilitation specialist and certified life care planner who will testify to fact and opinion regarding Mr. Acosta's life care/medical needs in the past and future. He is expected to testify the past and future medical/life care needs outlined in his report are reasonable and necessary as a result of the incident made the basis of this suit. He is also expected to testify that the costs he has outlined are reasonable, necessary and customary charges for the services he opines are necessary. Dr. Romagosa may also testify to fact and opinion regarding Mr. Acosta's medical and functional limitations, both past and present. Dr. Romagosa will appear in person.

  f. Stephanie Acosta

      Stephanie Acosta is Plaintiff's wife. She is expected to testify over her knowledge of Plaintiff's condition, both physical and otherwise, before and after the accident at issue, and Plaintiff's injuries. Ms. Acosta will appear in person.

  g. Elvia C. Antunez

      Elvia Antunez is Plaintiff's sister. She is expected to testify over her knowledge of Plaintiff's condition, both physical and otherwise, before and after the accident at issue, and Plaintiff's injuries. Ms. Antunez will appear in person.

h. Enrique Guerra Jr.

   Enrique Guerra is Plaintiff's co-worker and friend. He is expected to testify over his knowledge of Plaintiff's physical condition before and after the accident. Mr. Guerra will appear in person.

i. Sgt. Jaimie Klinger, 1-14 FA

   Sgt. Klinger was the driver of the U.S. Army convoy truck at the time of the collision. Sgt. Klinger is expected to testify regarding her knowledge of the facts and circumstances surrounding the incident. Sgt. Klinger will appear in person.

j. William L. Quintanilla, M.Ed., L.P.C.

   William Quintanilla is a vocational rehabilitation expert, and he will testify to fact and opinion regarding the damages at issue in this case. His opinion is essentially that Mr. Acosta sustained loss of vocational opportunities in the past and future. Mr. Quintanilla will appear in person.

k. Kenneth G. McCoin, Ph.D., C.F.A.

   Dr. McCoin is a forensic economist, and he will testify to fact and opinion regarding the damages at issue in this case. His opinion is that Mr. Acosta sustained loss of earnings in the past and future. He may also reduce the projected costs of future medical care to the present value. Dr. McCoin will appear in person.

l. Jose Acosta, Plaintiff

   Mr. Acosta is the Plaintiff in this matter and has knowledge regarding the facts surrounding the accident, his injuries and their effect on his life, and his experience as a railroad worker, Plaintiff may also testify over his knowledge on all aspects of economic losses suffered as a result of the incident forming the basis of this lawsuit. Mr. Acosta will appear in person.

2. Plaintiff may call:

   m. Brannon Dominic Jordan

   Plaintiff's friend with knowledge of Plaintiff's physical condition before and after the accident. If he is called to testify, Brandon Dominic Jordan will appear in person.

B.     **Defendant's Witnesses [Doc. 57]:**

  1. Defendant will call or make available at trial the following witnesses:

     a. Sgt. Jaimie Klinger

        Operator of the U.S. army truck with knowledge of the facts and circumstances surrounding the incident. Will Appear in person.

     b. Dr. John Wiechel

        Biomechanical engineer/accident reconstruction. He has conducted a study of the accident, by reviewing the Plaintiffs medical filed, the investigative report by the Union Pacific, the Alamogordo police, the Event reorder from the locomotive and the expert reports of the Plaintiff. He will testify as an expert and offer his opinion with respect to the accident and the forces present in the locomotive and how they affected the Plaintiff. Will Appear in person.

     c. Dr. William Wellborn

        Expert testimony on claimed injuries and treatment provided to Plaintiff. Will Appear in person.

     d. Janet Toney

        Expert testimony on claimed injuries and treatment provided to Plaintiff. Will Appear in person.

  2. Defendant may call the following witnesses:

     e. Fermin Acosta

        Conductor on board the locomotive. Eyewitness and passenger aboard the train during the incident who will testify regarding his knowledge of the facts surrounding the incident. Will Appear in person.

  3. Excluded Witnesses:

     f. Javier Rivera

        Director of Terminal Operations, El Paso, Retired. Rebuttal witness on train operations utilized by the Union Pacific Railroad. Will Appear in person.

> The Court sustained Plaintiff's objection to Mr. Rivera. [Doc. 73] at 2. However, the Court may reconsider its ruling if Plaintiff elicits testimony from one of its witnesses or otherwise introduces evidence on the subject matter about which Mr. Rivera planned to testify. *Id.*

## X.  TRIAL PREPARATION

A.     **Pretrial Motions Hearing**

On February 27, 2017, the Court held a hearing on Plaintiff's Motion to Exclude Expert Testimony of Dr. John F. Wiechel [Doc. 41]. On February 28, 2017, the Court issued an order denying Plaintiff's motion. [Doc. 55]. No other pretrial motions hearing was held in this case.

B.     **Pretrial Conference**

A Pretrial Conference was held on March 30, 2017. Per the Court's Order Setting Pretrial Conference and Non-Jury Trial [Doc. 45] and Order Resulting from Pretrial Conference [Doc. 73]:

| Item | Description |
|---|---|
| **Exhibits** | The Court has admitted into evidence:<br>Plaintiff's Exhibits 1–83. [Doc. 61].<br>Defendant's Exhibits E and H. [Doc. 69]. |
| **Exhibit Binders** | All exhibits have been marked, and each side has delivered to chambers its exhibit binder(s). Plaintiff's exhibits have been identified with numbers, and Defendant's have been identified with letters. <u>The identification number or letter remains the same whether the exhibit was admitted or not.</u> Charts, plats, diagrams, etc., must be marked and ready as to measurements, landmarks, and other identifying factual material before trial. |
| **Witness Lists & Designation of Deposition Testimony** | The parties have filed their witness lists on the record. [Docs. 57, 60, 65]. Plaintiff's objection to Defendant's proposed witness, Javier Rivera, was sustained. [Doc. 73]. Witnesses must be called in the order in which they are listed.<br><br>Plaintiff has filed designations of deposition testimony. [Docs. 63, 64]. |
| **Findings of Fact and Conclusions of Law** | The parties have filed their proposed findings of fact and conclusions of law. [Docs. 59, 62]. The Court deferred ruling on Plaintiff's objection to Defendant's assertion of the affirmative defense of contributory negligence. [Doc. 73]. |

C.   **Trial Briefs**

The parties are encouraged, but not required, to submit trial briefs outlining basic legal theories, anticipated evidence in support of the theories, and the legal basis of any anticipated evidentiary disputes.  The briefs are due **April 10, 2017**.

## XI. OTHER MATTERS

A.   **Settlement Possibilities**

1.   The possibility of settlement in this case is considered:

____ Poor  _X_ Fair  ____ Good  ____ Excellent  ____ Unknown

2.   Do the parties have a settlement conference set with the assigned Magistrate Judge or another mediator?

____ Yes  _X_ No

If a settlement conference has already been held, indicate approximate date:  A settlement conference was set for November 7, 2016, and subsequently vacated.  Judge Martinez then set a status conference to determine if settlement was possible on December 1, 2016 [Doc. 46].

Would a follow-up settlement conference be beneficial?  ____ Yes  _X_ No

3.   Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?

If yes, please identify:

If no, explain why not:  The parties have not made any progress in their informal settlement negotiations to move closer to settlement.  The parties have presented different

facts and had (at the time they submitted their Proposed Pretrial Order) a pending dispute over Defendant's liability expert.

**B.      Length of Trial and Trial Setting**

    1.      This action is set for a __X__ Bench Trial ____ Jury Trial ____ Both

    2.      The case is set for trial on **April 18, 2017, at 8:30 a.m.**

    3.      The estimated length of trial is **4 days.**

**C.      Decorum and Courtroom Management**

    1.      Trials will begin at 8:30 a.m. and recess no later than 5:00 p.m.

    2.      Clients and witnesses are expected to be on time.  Witnesses should be ready and available when called to testify.

    3.      Counsel should always have witnesses available to fill a full trial day (i.e., 8:30 a.m. to 5:00 p.m.).

    4.      Stand when you speak.  Do not refer to any party or attorney by a first name. Always use surnames.

    5.      In opening statement, present a concise summary of the facts. Do not argue the facts or discuss law.  Do not describe in detail what particular witnesses will say.  Each side may have 30 minutes for opening statements.

    6.      Counsel should provide each witness with copies of all the exhibits about which that witness is expected to testify *before* the witness takes the stand.

    7.      Counsel should not provide copies of exhibits to the Court.  Instead, counsel should identify orally the exhibit number or letter to which he or she is referring and allow sufficient time for the Court to locate the exhibit in its own exhibit binder.

    8.      Parties should notify Information Systems Help Desk at 505-348-2110 at least <u>five days</u> in advance of trial if they plan to use audio-visual or other courtroom technology during trial.  Parties are responsible for operating this equipment during trial. Parties should be prepared to proceed without the equipment in the event it breaks or otherwise becomes unavailable.  Trial time will not be utilized for resolving technology issues.

9.     **Counsel must seek leave of the Court in the form of a written motion to extend any pretrial deadline**.

## XII. EXCEPTIONS

1. Plaintiff:   None

2. Defendant:  None

## XIII. MODIFICATIONS-INTERPRETATION

The Pretrial Order, when entered by the Court, will control the course of trial and may only be amended by the Court sua sponte or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**